**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN THE MATTER OF                    :

HOSPITAL GENERAL SAN CARLOS,   :      CASE NO. 06-01484 (SEK)
INC.,
    DEBTOR                    :      CHAPTER 11 **FILED & ENTERED**

**OPINION AND ORDER**   .   **NOV 2 8 2006**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

     There are three related matters before this court: (1) a
motion for additional findings of facts and conclusions of law,
(2) a motion for relief from order dismissing the case pursuant
to FRCP 60(b) and FRBP 9024; and, (3) a motion for authorization
to sell property.  For reasons that follow, we deny all three
motions.

**Background**

     This is debtor's third petition for bankruptcy filed on May
12, 2006, shortly after the dismissal of its second case.  We
ordered Debtor to show cause why this third case should not be
dismissed or converted in view of its two previous unsuccessful
attempts at reorganization under Chapter of the U.S. Bankruptcy
Code.[1]  We dismissed its second case after the July 31st and
August 31st deadlines had transpired for filing, (a) a settlement
with the Internal Revenue Service, (b) a motion concerning the



---

    [1]  All references to the "Bankruptcy Code" or to specific
sections are to the Bankruptcy Reform Act of 1978, as amended on
April 20, 2005, 11 U.S.C. § 101, et seq.

sublease of one of the hospital's floors, (c) a notice to sell its property, (d) answering the U.S. Trustee's motion to dismiss the case.[2] These motions ensued.

## Discussion

*A. Debtor's request for additional findings*

Debtor's request for additional findings is governed by Fed. R. Bankr. P. 7052(b), which mirrors F.R.C.P. 52(b). "The primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and judgment entered thereon. ... It is said that the motion must raise questions of substance by seeking reconsideration of material findings of fact or conclusions of law." Wright & Miller, 9A Fed. Practice & Procedure Civil 2d § 2585. "Although Rule 52(b) is not intended to allow parties to rehash old arguments already considered and rejected by the court, [citations omitted], its purpose is to permit the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court." *National Metal Finishing Co., Inc., v. Barclays American Commercial, Inc.,* 899 F.2d 119, 122 (1st Cir.1990).

We now examine each request for an additional factual

---

[2] The U.S. Trustee also noted Debtor's monthly reports of operations show an increase in administrative expenses payable to related companies, while accounts receivables and inventory were decreasing and its fees were not being paid.

2

finding contained in the eighth paragraph of Debtor's motion, to see whether it meets the stated criteria.

As to the first finding, while the statements requested are true, these are not relevant to the reasons why we dismissed the case.

We deny the second and third proposed findings, as the statements are speculative and are not supported by evidence on record.

We deny the fourth request because it is irrelevant to the ruling of this court.

We also deny entry of additional "conclusions of law" as per Debtor's 5th [sic] paragraph for reasons that follow.

With respect to item (a), we find that it is a request for an additional factual finding for which there is no evidence of record.

With respect to item (b), we find that it is a request for factual finding for which there is no evidence of record. Debtor is not "**entitled** to a reorganization through the liquidation of its assets". (Our emphasis) The law provides that a debtor must obtain the confirmation of a plan within a reasonable period of time. The Debtor here failed to do just that, and it was one of the reasons for the dismissal.

With respect to item (c), it is inaccurate. At the time we dismissed the case, Debtor had not filed a notice of sale. Both



3

P.R. Hospital Supply and the U.S. Trustee were seeking the dismissal of the case. The U.S. Trustee's motion speaks for itself, and was based on more than Debtor's failure to pay its fees in this case and the previous one. The basis for the dismissal was the multiple instances where Debtor did not comply with orders of the court and offers to creditors, all of which were intertwined with its ability to propose a feasible plan of liquidation within a reasonable period of time. While this was occurring, administrative expenses were mounting and assets were dwindling. Debtor did not present any evidence to the contrary.

We therefore, deny all of the suggested new findings of fact and additional conclusions of law, as these are not intrinsic to out order of dismissal, are not material or central to controversy of whether the case should have been dismissed, or are unsubstantiated conclusions for which no evidence was presented.

*B. Motion for relief from order dismissing the case*[3]

Inmobiliaria San Carlos, S.E., Primary Care Research, Inc., International Health Services, Inc. and Centro Médico del Turabo, Inc.[4] all request that the order of dismissal be set aside due

---

[3]  "[R]elief under Rule 60(b) is extraordinary in nature and ... motions invoking that rule should be granted sparingly."(citations omitted) *González-Pina v. Rodríguez*, 407 F.3d 425, 433 (1st Cir. 2005).

[4]  The first three parties are entities related to the Debtor. The fourth one, is the new buyer, who has not

4

to:

(1) allow the presentation of additional offers to purchase Debtor's property;

(2) inconsistencies between the motion to dismiss by the U.S. Trustee and the reasons given for the dismissal during the July 6, 2006 and the order of dismissal;

(3) position of the unsecured creditors should be ascertained before dismissing the case, as the recent offer which could be considered if the cases were reopened, provides the only viable alternative for the unsecured creditors to receive a dividend.[5]

We note that these parties do not invoke any one of the six inserts which the Rule gives as a reason for setting aside our final order dismissing this case.  Hence, we can only guess which of the six reasons serves as the legal ground for these motions. Under these circumstances, we are not required to go any further and deny these requests outright.[6]



---

established its standing in this matter.

[5]  All creditors were notified of the July 6th hearing where the deadlines were established, after Debtor answered our order to show cause.  Hence, unsecured creditors were fully notified and given an opportunity to appear and be heard on the proposed dismissal.

[6]  "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument , and put flesh on its bones.  As we have said in a closely analogous context: 'Judges are not expected to be mindreaders. Consequently, a litigant has

*C. Motion for Authority to Sell*

This motion is denied for lack of subject matter jurisdiction given our order dismissing this case entered on September 1, 2006.

**SO ORDERED**, in San Juan, Puerto Rico, on November 27, 2006.

SARA DE JESÚS
U.S. Bankruptcy Judge

---

an obligation 'to spell out its arguments squarely and distinctly'". *U.S. v. Zannino*, 895 F. 2d 1, 19 (1st Cir.1990).

6